**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TRACY FERNANDEZ, individually and on
behalf of all others similarly situated,

      Plaintiff,

      v.

EDGEWELL PERSONAL CARE
COMPANY, SUN PHARMACEUTICALS,
LLC, and PLAYTEX PRODUCTS, LLC,

      Defendants.

Case No.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

     Plaintiff TRACY FERNANDEZ, individually and on behalf of all others similarly

situated, by and though counsel, brings this class action against EDGEWELL PERSONAL

CARE COMPANY, SUN PHARMACEUTICALS, LLC, and PLAYTEX PRODUCTS, LLC

(collectively "Defendants") as follows:

## I.  INTRODUCTION

     1.     This is a class action lawsuit brought by Plaintiff on behalf herself and all

similarly situated persons who purchased Banana Boat Kids SPF 50 Sunscreen Lotion

("BBK").

     2.     Defendants are in the business of manufacturing, marketing and distributing

sunscreen products, including BBK.

     3.     Defendants represent that BBK has a sun protection factor ("SPF") of level 50,

which is understood to block approximately 98% of cancer-causing ultraviolet B radiation

("UVB") rays.

     4.     Plaintiff and the Class purchased BBK, and relied on Defendants'

representations and warranties when buying and applying the product.

1

5.      BBK does not have an SPF level of 50, but instead has an SPF level of 8.  SPF 8 is not only understood to block UVB rays at a substantially lower rate than SPF 50, it is also below the minimum level recommended by experts of SPF 15 for basic UV ray protection.

6.      Based on its own production process, quality assurance reviews, and consumer complaints, Defendants knew or should have known that its product was not performing – and would not perform – as marketed and warranted.  Defendants nonetheless continue to market and sell BBK as a having an SPF level of 50.

7.      Had Plaintiff and the Class known of BBK's actual SPF level, they would not have purchased BBK and instead would have purchased a competitor's product that was SPF 50 and protected from UVB.

8.      Plaintiff and the Class suffered damages as a direct and proximate result of Defendants' misrepresentations and omissions.  Plaintiff and the Class have lost the purchase cost of a product they would have not otherwise bought.

### III.  PARTIES

9.      Plaintiff Tracey Fernandez resides in Bloomfield, New Jersey.

10.     Defendant Edgewell Personal Care Company ("EPC") is a Missouri corporation having its principal place of business at 1350 Timberlake Manor Parkway, St. Louis, Missouri.  EPC is a consumer products company in the personal care and hygiene industry, and owns a family of brand products including Banana Boat protective suncare.

11.     Defendant Sun Pharmaceuticals, LLC is a Delaware limited liability corporation having its principal place of business in Dover, Del.  Sun Pharmaceuticals is licensed to conduct business, and does conduct business, through the United States, including in the state of Missouri.  Sun Pharmaceuticals has operated in the United States since 1996,

and is a developer, manufacturer, wholesaler, distributor and supplier of over-the-counter healthcare products, including Banana Boat.  Banana Boat is a registered trademark of Sun Pharmaceuticals, and Sun Pharmaceuticals is an EPC subsidiary.

12.     Defendant Playtex Products, LLC ("Playtex") is a New Jersey corporation having its principal place of business at 5901 Westside Avenue, Suite 400, North Bergen, New Jersey, 07047.  Playtex is licensed to conduct business, and does conduct business, through the United States, including in the state of Missouri.  Playtex manufactures and sells personal care products for babies, toddlers, teens and adults. Playtex advertises BBK as a Playtex product, and Playtex is an EPC subsidiary.

### III.  JURISDICTION AND VENUE

13.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of five million dollars ($5,000,000.00) and is a class action in which Class members are citizens of states different from Defendant.

14.     This Court has personal jurisdiction over Defendants because they are authorized to do business, and are conducting business, in this District.

15.     Venue properly lies in this District pursuant 28 U.S.C. §§ 1391 because a substantial part of the events and omissions giving rise to this claim occurred this District. Venue is also proper because Defendants are authorized to conduct business in Missouri, have intentionally availed itself of its laws and markets, and are subject to personal jurisdiction in this District.

### IV.  FACTUAL BACKGROUND

16.     Defendants developed, manufacture, advertise and sell Banana Boat Kids SPF 50 Sunscreen Lotion ("BBK").

3

17.     SPF, or sunscreen protection factor, is a sunscreen rating that refers to its ability to block ultraviolet B ("UVB") rays, which cause sunburn and contribute to the risk of skin cancer.  The SPF rating is the measure of the time it would take you to sunburn if you were not wearing sunscreen as opposed to the time it would take with sunscreen on.

18.     A product with an SPF rating of 50 is expected to block 98% of dangerous UVB rays.  For best protection, experts recommend using a minimum SPF sunscreen of 15, reapplied every two hours.

A.     **Defendants Represented and Marketed Banana Boat Kids Sunscreen Lotion as SPF 50.**

19.     Defendants are in the business of developing, manufacturing, advertising, and selling sunscreen, including Banana Boat Kids SPF 50 Sunscreen Lotion ("BBK").  As the name clarifies, the product purportedly has an SPF rating of 50.



20.     BBK is labeled as "Broad Spectrum SPF 50," and distinguished as a product recommended by the Skin Cancer Foundation.

21.     BBK is a consumer product, and is available nationwide.  It can be purchased at a variety of locations such as supermarkets, drugstores, chain retailers, and online.

**B.    Plaintiff and Class Relied on Defendants' Representation and Purchased BBK.**

22.     Plaintiff purchase BBK in approximately April 2016.

23.     Plaintiff is consumer of goods, and purchased BBK as a means to protect from harmful UV rays when exposed to the sun.

24.     Prior to making the purchase, Plaintiff reviewed BBK and other similar products.  Plaintiff selected BBK based on Defendants' claim that it had a high SPF rating of 50, as figured prominently on the front label.

25.     Plaintiff reasonably relied on the Defendants' labeling and advertised rating when she decided to purchase BBK.

**C.    BBK Did Not Have an SPF Level of 50, As Advertised.**

26.     Consumer Reports is a non-profit magazine that evaluates various products.

27.     In May 2016, Consumer Reports published a comparative review of various sunscreen products, including BBK. It found that, despite labeling, Banana Boat Kids SPF 50 Sunscreen Lotion had an actual SPF rating of 8, a mere 16% of the SPF protection advertised and promised.



**D.    Defendants Knew or Should Have Known that BBK Did Not Have an SPF Level of 50.**

28.     Defendants have been notified that their product is virtually ineffective in protecting children from harmful sunrays.  For example, on its own website and in June 2016, one reviewer – "Michelle" – complained that she would give the product a rating of zero out of five given the burns her child sustained after a few hours in the sun and despite twice applying the product as directed.



29.    Upon information and belief, Defendants have otherwise been notified of the false advertisement, but have not remedied the problem.

**E.    Plaintiff Suffered Harm as a Result of Their Reliance and Defendants' Misrepresentations.**

30.    Had Plaintiff known that BBK's SPF rating was 42 points lower that what Defendants advertised and otherwise represented, Plaintiff would have never purchased the product.

31.    Plaintiff suffered harm as a direct result of Defendants' false representations.

32.    Plaintiff was protected from lower levels of UVB than expected.

33.    Plaintiff paid for less of an SPF concentration than she bargained for.

34.    Plaintiff and the Class suffered a pecuniary loss as they purchased a product they would have not otherwise bought, but for Defendants' misrepresentations.

## V.   CLASS ACTION ALLEGATIONS

35.    <u>Class Definition</u>.  Plaintiff seeks to bring the claims below as a class action, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.  The proposed Class ("the Class") is defined as:

> All individuals who have purchased Banana Boat Kids SPF 50 Sunscreen Lotion.

36.    Excluded from the Class are the Judges assigned to this case, BBK resellers,

and Defendants, including employees, officers, directors, and affiliates.

37.     Numerosity.  The Class is so numerous that joinder of all members is

impracticable.  BBK is a nationwide product, delivered extensively throughout the United

States and within the state of Missouri via drug stores, supermarkets, chain superstores, and

the Internet.  Upon information and belief, the number of persons who are members of the

Class is in the hundreds of thousands, if not more.

38.     Commonality.  All actions and inactions by the Defendants at issue here are

similarly common.  A determination of whether Defendants falsely marketed BBK, or made

material misrepresentations, will apply to all members of the Class.  Other questions common

to the class include whether Defendants violated any applicable Missouri laws and pursued the

course of conduct complained of here, whether Defendants acted intentionally or recklessly in

engaging in the conduct described herein, and the extent of the appropriate measure of

injunctive and declaratory relief, damages, and restitution.

39.     Predominance.  Questions of law and fact that are common to the Class

predominate over individual questions because the Defendants' actions complained of herein

are generally applicable to the entire Class   These legal and factual questions include, but are

not limited to:

a.  Whether BBK contained less SPF than warranted;
b.  Whether Defendants falsely labeled and marketed BBK as containing an SPF level of 50;
c.  Whether Defendants violated Missouri Merchandising Practices Act;
d.  Whether Defendants breached BBK's express warranty and implied warranty of fitness for intended purpose;
e.  Whether Defendants' misrepresentations were material to BBK's purchase; and,
f.  Whether Plaintiff and the Class suffered harm and are entitled to relief; and, if so, to what extent.

40.     Typicality.  Plaintiff's claims are typical of the members of the Class.  Plaintiff

8

sustained damages as a result of her reliance on Defendants' misrepresentations, warranties

and unlawful conduct, as did each member of the Class.

41.     <u>Adequacy of Representation</u>.  Plaintiff will fully and adequately represent and

protect the interests of the Class because of the common injuries and interests of the members

of the Class and the conduct of Defendants that is or was applicable to all members of the

Class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of

class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those of

the Class she seeks to represent.

42.     <u>Superiority</u>:  A class action is superior to all other available methods for fair

and efficient adjudication of this controversy.  Plaintiff knows of no difficulty in managing

this action that would preclude its maintenance as a class action.  The prosecution of separate

actions by individual members of the Class would create a risk of inconsistent and varying

adjudications concerning the subject of this action, which adjudications could establish

incompatible standards of conduct for Defendants under the laws alleged herein.  The claims

of the Class may be certified under Rule 23(b)(1), (b)(2) and/or (b)(3).  The members of the

Class seek declaratory and injunctive relief but also seek sizeable monetary relief.

**VI.   <u>CLAIMS FOR RELIEF</u>**

**FIRST CLAIM FOR RELIEF**
Violation of the Missouri Merchandising Practices Act ("MMPA")
(Mo. Ann. Stat. § 407.020.1, *et. seq.*)

43.     Plaintiff and the Class incorporate by reference the preceding and subsequent

paragraphs as if fully set forth herein.

44.     The MMPA prohibits the "use or employment by any person of any deception,

fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment,

suppression, or omission of any material fact in connection with the sale or advertisement of

9

any merchandise in trade or commerce."  Mo. Ann. Stat. § 407.020.1

45. Defendants engaged in fraud and made false promises when it advertised and labeled BBK with an SPF of 50, when in actuality BBK has an SPF rating of 8.

46. Defendants misrepresented the strength of its product through labeling, which caused Plaintiff and the Class Members to believe the sunscreen would block 98% of UVB rays.

47. Due to Defendant's misrepresentations, BBK was sold directly to consumers either in store or through the Internet containing false information.  If Plaintiff and the Class Members were fully informed about BBK's true SPF content, they would have not purchased BBK or paid substantially less for it.

48. Defendant's conduct was prohibited under the MMPA, and caused Plaintiff and the Class to suffer harm.  Plaintiffs and the Class are entitled to relief.

**SECOND CLAIM FOR RELIEF**
**Violation of the New Jersey Consumer Fraud Act ("NJCFA")**
**(N.J. Stat. Ann. § 56:8-1, *et seq.*)**

49. Plaintiff and the Class incorporate by reference the preceding and subsequent paragraphs as if fully set forth herein.

50. The NJCFA protects consumers from "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . . ." N.J. Stat. Ann. § 56:8-2

51. Defendants used deception, fraud and falsity in marketing BBK.  Defendants marketed and sold BBK as having an SPF level of 50 when in fact its SPF level is 8.

Defendants concealed this material fact from consumers through its false advertising and labelling.

52.     Defendants' conduct occurred in connection with the sale of BBK, as their misrepresentation was directly affixed to their product in its place of immediate sale.  There were no intermediary steps between BBK's "on-the-shelf" advertising and consumer purchase. The marketed information was designed to entice a consumer into removing the product from the shelf and purchasing it, or ordering it via the Internet.

53.     Defendants' conduct caused Plaintiff an ascertainable loss and is entitled to treble damages.  Plaintiff is out the cost of a product she would not have purchased had Defendants not made the false marketing claim.  She also paid more for BBK than warranted by its low level of SPF.

54.     A causal relationship exists between Defendants' unlawful conduct and the ascertainable losses suffered by Plaintiffs and the Class Members. Had the true level of SPF in the BBK been disclosed, Plaintiffs and the Class Members would not have purchased it or would have paid less for them had they decided to purchase them.

55.     Defendants' conduct was prohibited under the NJCFA, and caused Plaintiff and the Class to suffer harm.  Plaintiff and the Class are now entitled to relief.

56.     Pursuant to N.J. Stat. Ann. § 56:8-20, Plaintiff have served the New Jersey Attorney General with a copy of this Complaint.

**THIRD CLAIM FOR RELIEF**
**Breach of Express Warranty**

57.     Plaintiff and the Class incorporate by reference the preceding and subsequent paragraphs as if fully set forth herein.

58.     Defendants made and breached express warranties about SPF protection in the BBK sunscreen sold to Plaintiff.

59.     Through its BBK advertising and labeling, Defendants made a promise to Plaintiff that she was purchasing sunscreen that had an SPF level of 50.

60.     That promise became the basis of the bargain between Plaintiff and Defendants, and upon which the Plaintiff reasonably relied.

61.     The BBK did not meet the quality of this promise because it only has an SPF level of 8.

62.     This defect existed when it left Defendants' possession, and was undiscoverable to Plaintiff at the time of purchase.

63.     Defendants knew or should have known of the defect through its own internal production and quality assurance processes, as well as from consumer complaints.

64.     Plaintiff and the Class suffered damages as a result.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**

65.     Plaintiff and the Class incorporate by reference the preceding and subsequent paragraphs as if fully set forth herein.

66.     Defendants made and breached implied warranties of merchantability when selling BBK to Plaintiff and the Class.

67.     The implied warranty of merchantability requires BBK to be consistent in quality and quantity with Defendants' representations.

68.     Plaintiff and the Class bought BBK from Defendants.  At the time of that purchase, Defendants were in the business of manufacturing, distributing, and selling consumer goods, BBK specifically.

69.     BBK was not fit for its ordinary purpose of protecting users from exposure to 98% of cancer-causing UVB rays.

70.     BBK was not adequately packaged because it represented an SPF level it did not actually have.

71.     BBK did not measure up to the facts stated on the label, and was not of the quality that Plaintiff and the Class reasonably expected.

72.     Plaintiff and the Class suffered damages as a result.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

73.     Plaintiff and the Class incorporate by reference the preceding and subsequent paragraphs as if fully set forth herein.

74.     Defendants were unjustly enriched through their BBK sales to Plaintiff and the Class.

75.     Plaintiff conferred a benefit on the Defendants by purchasing BBK from Defendants.  By receiving those purchase proceeds, Defendants knew of the benefit conferred upon them.

76.     Plaintiff unknowingly overpaid for BBK given its underrepresented SPF protection, and Defendants received and appreciated the benefit of that overpayment.

77.     Defendants were therefore unjustly enriched at the expense of Plaintiff and the Class.

78.     Defendants have no excuse for, or defense to, their actions.

79.     Plaintiff and the Class suffered damages as a result.

## SIXTH CLAIM FOR RELIEF
### Negligent Misrepresentation

80.     Plaintiff and the Class incorporate by reference the preceding and subsequent paragraphs as if fully set forth herein.

81.     Through the course of business as developers, marketers and sellers of BBK, Defendants falsely represented to Plaintiff via advertising and labeling that BBK contained a higher level of SPF than it actually did.

82.     Defendants made the false representation in furtherance of selling BBK to consumers.  The claims were designed to induce consumers to purchase BBK believing it to provide greater UV protection and meet their sunscreen protection needs.

83.     Defendants' SPF 50 claim was material in that it was the determining factor in how much protection a consumer was purchasing and could reasonably expect to receive against dangerous ultraviolet rays.

84.     Defendants' representation was false in that BBK had an SPF level of 8, not 50 as advertised.

85.     Defendants failed to use ordinary care, and made a false representation where they knew or should have known that it was false.

86.     Plaintiff believes the misrepresentation, and reasonably relied on it in choosing BBK over other available products.

87.     Plaintiff and the Class suffered damages as a result of their reliance.

## SEVENTH CLAIM FOR RELIEF
### Fraudulent Inducement/Concealment

88.     Plaintiff and the Class incorporate by reference the preceding and subsequent paragraphs as if fully set forth herein.

89.     Defendants, through advertising and labeling, represented that their BBK product had an SPF level of 50.

90.     Defendants made the representation with the intent that Plaintiff see its product as superior to other products with lower advertised SPF levels, and therefore believe BBK to provide greater UVB protection.  Defendants intended Plaintiff to rely on their representation in choosing BBK over other available products.

91.     Defendants' representation was false in that BBK did not have an SPF level of 50 as advertised, but an SPF level of 8.

92.     Based on its own production process, quality assurance system and customer complaints, Defendants knew their representation to be false at the time it was made.

93.     Defendants' SPF 50 claim was material in that it was the determining factor in how much protection a consumer was purchasing and could reasonably expect to receive from dangerous ultraviolet rays.

94.     Plaintiff believed the misrepresentation, and under the circumstances reasonably relied on it to choose BBK over other available products.

95.     Plaintiff and the Class suffered damages as a direct result.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, requests the following relief:

1.     An order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

2.     An order designating Plaintiff as representative of the Class and her undersigned counsel as Class Counsel;

3.     Judgment in favor of Plaintiff and the Class, and against Defendant;

4.      An award to Plaintiff and the Class for damages equal to the amount of actual damages that they sustained;

5.      An award to Plaintiff and the Class for attorneys' fees and costs, including interest, as allowed or required by law; and,

6.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: July 14, 2016

By:      /s/ *Emily J. Kirk*
Emily J. Kirk # 65367
**MCCUNEWRIGHT LLP**
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Fax: (909) 557-1275
ejk@mccunewright.com

Joseph G. Sauder[*]
Matthew D. Schelkopf[*]
Joseph B. Kenney[*]
**MCCUNEWRIGHT, LLP**
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
jgs@mccunewright.com
mds@mccunewright.com
jbk@mccunewright.com


*Counsel for Plaintiff and the putative Class*

[*]*Pro Hac Vice Applications to be submitted*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests trial by jury of all issues triable by jury pursuant to Rule 38 of

the Federal Rules of Civil Procedure.

Dated: July 14, 2016

By:    <u>/s/ *Emily J. Kirk*</u>
Emily J. Kirk # 65367
**MCCUNEWRIGHT LLP**
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Fax: (909) 557-1275
ejk@mccunewright.com

Joseph G. Sauder[*]
Matthew D. Schelkopf[*]
Joseph B. Kenney[*]
**MCCUNEWRIGHT, LLP**
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
jgs@mccunewright.com
mds@mccunewright.com
jbk@mccunewright.com

*Counsel for Plaintiff and the putative Class*

[*]*Pro Hac Vice Applications to be submitted*

17